UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY R. LEBLANC,

      Plaintiff,

                            CASE NO. 15-13622

v.

                            PAUL D. BORMAN
JUDICIAL TENURE COMMISSION,    UNITED STATES DISTRICT JUDGE

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND SUMMARILY DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. 1915(g)

### I. Introduction

On October 8, 2015, plaintiff Jeffrey R. LeBlanc filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs for this action. Plaintiff is a state prisoner, and the defendant is the State's Judicial Tenure Commission ("the Commission"), which has an office in Detroit, Michigan.

The complaint appears to allege that, earlier this year, Plaintiff asked the Commission to investigate a state felony case that led to his imprisonment in 2013. According to Plaintiff, the Commission determined that there was no basis for taking action. Plaintiff contends that the Commission should have helped him and that its failure to act was negligence *per se*. He seeks money damages, the removal of two

commissioners from the Commission, and assessment of a fine on the Commission for abuse of process and discrimination.

## II. Discussion

A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915. However,

> a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting 28 U.S.C. § 1915(g)).

An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Ritter v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). "In addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Id.*

A review of Plaintiff's litigation history in federal court reveals that more than three of his previous cases were dismissed as frivolous or for failure to state a claim. *See LeBlanc v. Schuette*, No. 2:15-cv-10555 (E.D. Mich. Feb. 17, 2015); *LeBlanc v. Moody*, No. 2:15-cv-10469 (E.D. Mich. Feb. 18, 2015); *LeBlanc v. Kalamazoo County Sheriff*, No. 1:14-cv-305 (W.D. Mich. July 29, 2014); *LeBlanc v. Michigan*, No. 1:14-cv-552 (W.D. Mich. June 19, 2014); and *LeBlanc v. Kalamazoo County Government*, No. 1:14-cv-308 (W.D. Mich. May 21, 2014).

In several other federal cases, Plaintiff was informed that he could not proceed *in forma pauperis* because he has three "strikes" under 28 U.S.C. § 1915(g). *See LeBlanc v. People of the State of Michigan*, No. 2:15-cv-12380 (E.D. Mich. July 15, 2015); *LeBlanc v. Michigan State Police*, No. 2:15-cv-12026 (E.D. Mich. June 25, 2015); *LeBlanc v. Lightvoet*, No. 2:15-cv-12127 (E.D. Mich. June 19, 2015); *LeBlanc v. Robert G. Cotton Correctional Facility*, No. 2:15-cv-12060 (E.D. Mich. June 12, 2015); *LeBlanc v. Jonker*, No. 2:15-cv-12059 (E.D. Mich. June 11, 2015); *LeBlanc v. Dep't of Corr.*, No. 2:15-cv-12025 (E.D. Mich. June 11, 2015); *LeBlanc v. Barber*, No. 2:15-cv-12023 (E.D. Mich. June 12, 2015); *LeBlanc v. Arwood*, No. 2:15-cv-12021 (E.D. Mich. June 11, 2015); *LeBlanc v. Federal Government*, 5:15-cv-10706 (E.D. Mich. Mar. 19, 2015); and *LeBlanc v. Romanowski*, No. 2:15-cv-10483 (E.D. Mich. Mar. 2, 2015).

As a result of Plaintiff's prior "strikes," he may not proceed without prepayment of the fees and costs for this action unless he was in "imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). He has not alleged that he was in imminent danger of serious physical injury at the time, and nothing in the complaint

3

suggests that he was facing a real and proximate threat of serious physical injury when he filed his complaint. Thus, he may not proceed without prepayment of the filing fee for this action.

### III. Conclusion and Order

More than three of Plaintiff's cases have been dismissed as frivolous or for failure to state a claim for which relief may be granted, and Plaintiff does not fall within the exception to § 1915(g) for prisoners who are in imminent danger of serious physical injury. The Court therefore denies Plaintiff's application to proceed without prepayment of fees and costs (document 2) and summarily dismisses his complaint (document 1) without prejudice pursuant to 28 U.S.C. § 1915(g). The Court certifies that an appeal from this order could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:        NOV 0 6 2015