UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY R. LEBLANC,

    Plaintiff,

                                    CASE NO. 15-13622

v.

                                    PAUL D. BORMAN
JUDICIAL TENURE COMMISSION,     UNITED STATES DISTRICT JUDGE

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## TO TAKE JUDICIAL NOTICE (ECF No. 6)

On October 8, 2015, plaintiff Jeffrey R. LeBlanc commenced this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the fees or costs for his complaint. The complaint alleged that the State's Judicial Tenure Commission failed to help Plaintiff when he asked the Commission to investigate a state felony case that led to Plaintiff's imprisonment in 2013.

On November 6, 2015, the Court denied Plaintiff's application to proceed without prepayment of the fees and costs for this action and summarily dismissed his complaint without prejudice under 28 U.S.C. § 1915(g).[1] The Court noted that Plaintiff was a

---

[1] 28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

prisoner, that more than three of his previous cases were dismissed as frivolous or for failure to state a claim, and that Plaintiff was not under imminent danger of serious physical injury when he filed his complaint. The Court concluded that, pursuant to 28 U.S.C. § 1915(g), Plaintiff was not permitted to proceed without prepayment of the fees and costs for this action.

Plaintiff has appealed the Court's dispositive decision and judgment. Presently pending before this Court is Plaintiff's Motion to Take Judicial Notice, ECF No. 6. The motion asks the Court to take judicial notice that Plaintiff was subjected to a fraudulent felony trial in state court, that he was sentenced under a fraudulent sentencing mittimus, and that the Judicial Tenure Commission found no basis for disciplinary proceedings.

The Court has no authority to consider the merits of Plaintiff's allegations because his complaint clearly fell under the provisions of § 1915(g) at the moment of filing. *Peeples v. Bradshaw*, 110 F. App'x 590, 591 (6th Cir. 2004). Furthermore, this case is closed and pending on appeal. As explained by the Supreme Court in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982),

> a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

---

> an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* at 58.

In conclusion, this Court has no jurisdiction or authority at this stage of the proceedings to take judicial notice of the facts set forth in Plaintiff's motion. Accordingly, the Court denies Plaintiff's Motion to Take Judicial Notice, ECF No. 6.

/s/ Paul Borman
_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:   FEB 1 1 2016